UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x

DUKE FERGERSON,

                                            Plaintiff,

                      -against-

THE DEPARTMENT OF EDUCATION OF THE CITY
OF NEW YORK, and KAREN WATTS, Individually
and In her official capacity as Principal of Wadleigh
Secondary School,

                                Defendants.

------------------------------------------------------------------------ x

**<u>ANSWER</u>**

08 Civ. 4701 (BSJ)(GWG)

**Filed Via ECF**

         Defendant New York City Board of Education (hereinafter "BOE") (also known as and being sued herein as the "New York City Department of Education"),[1] by its attorney Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the complaint, respectfully alleges as follows:

         1.        Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "1" of the complaint.

         2.        Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "2" of the complaint.

         3.        Denies the allegations set forth in paragraph "3" of the complaint, except admits that plaintiff purports to invoke the jurisdiction of this Court as set forth therein.

         4.        Denies the allegations set forth in paragraph "4 of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations set

---

[1] To date, defendant Karen Watts has not been properly served with a summons and complaint. Plaintiff's counsel has been advised of Ms. Watts' current business address where she may be served.

forth in the first sentence of paragraph "4" but admits, upon information and belief, that Karen Watts is a resident of the State of New York.

5.    Denies the allegations set forth in paragraph "5" of the complaint.

6.    Denies the allegations set forth in paragraph "6" of the complaint.

7.    Denies the allegations set forth in paragraph "7" of the complaint.

8.    Denies the allegations set forth in paragraph "8" of the complaint, except admits that on or about October 13, 2007 the Harlem Hellfighters played the McKee-Staten Island Technical School football team, and admits, upon information and belief, that a racial epithet was found written on a team bench.

9.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint.

10.    Denies the allegations set forth in paragraph "10" of the complaint.

11.    Denies the allegations set forth in paragraph "11" of the complaint.

12.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint.

13.    Denies the allegations set forth in paragraph "13" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning police involvement at the October 13, 2007 game.

14.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint.

15.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint, except admits, upon information

and belief, that several local newspaper outlets reported on the October 13, 2007 game between the Harlem Hellfighters and the McKee-Staten Island Technical School football team.

    16.     Denies the allegations set forth in paragraph "16" of the complaint.[2]

    17.     Denies the allegations set forth in paragraph "17" of the complaint, including all subparts.

    18.     Denies the allegations set forth in paragraph "18" of the complaint.

    19.     Denies the allegations set forth in paragraph "19" of the complaint.

    20.     Denies the allegations set forth in paragraph "20" of the complaint.

    21.     Denies the allegations set forth in paragraph "21" of the complaint.

## AS AND FOR A FIRST DEFENSE:

    22.     The complaint fails to state a claim upon which relief may be granted in whole or in part.

## AS AND FOR A SECOND DEFENSE:

    23.     All actions taken by defendant with respect to plaintiff were undertaken for legitimate business reasons.

## AS AND FOR A THIRD DEFENSE:

    24.     The Complaint's request for punitive damages is barred, in whole or in part, because punitive damages are not available against a government or a governmental subdivision.

---

[2] The copy of the complaint served upon defendant BOE reads as follows: "Plaintiff has spoken out on matters of public concern as set forth". According to plaintiff's counsel, it should state: "Plaintiff has spoken out on matters of public concern as set forth below." Upon information and belief, the copy of the complaint in defendant BOE's possession was accidentally cut-off during duplication by the plaintiff's counsel's office.

**WHEREFORE,** defendant BOE requests judgment dismissing the complaint in its entirety, denying all relief requested therein, and granting defendant such other and further relief as the Court deems just and proper.

Dated:     New York, New York
           July 7, 2008

           **MICHAEL A. CARDOZO**
           Corporation Counsel of the
             City of New York
           Attorney for Defendant BOE
           100 Church Street, Room 2-108
           New York, New York  10007
           (212) 788-0879
           bsitaras@law.nyc.gov

           By:                            
                 Basil C. Sitaras (BS-1027)
               Assistant Corporation Counsel

To:     Stewart Lee Karlin, Esq. (Via ECF)
        Attorney for Plaintiff
        9 Murray Street, Suite 4W
        New York, New York 10007
        (212) 732-9450

Docket No. 08 Civ. 4701 (BSJ)(GWG)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DUKE FERGERSON,

                                                    Plaintiff,

                        -against-

THE DEPARTMENT OF EDUCATION OF THE CITY
OF NEW YORK, and KAREN WATTS, Individually
and in her official capacity as principal of Wadleigh
Secondary School,

                                                    Defendants.

## ANSWER

**MICHAEL A. CARDOZO**
*Corporation Counsel of the City of New York*
*Attorney for Defendant BOE*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Basil C. Sitaras*
*Tel: (212) 788-0879*
*Matter No. 2008-017643*

*Due and timely service is hereby admitted.*

*New York, N.Y. ............................................. 200_*

*...................................................... Esq.*

*Attorney for ............*