STEWART LEE KARLIN, ESQ. (SK3720)
Attorney for Plaintiff
9 Murray Street, Suite 4W
New York, N.Y.  10007
Tel: (212) 732-9450
Fax: (212) 571-9893

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X

DUKE FERGERSON,

        Plaintiff,

v.                                       **08 Civ 4701 (BSJ)**

THE DEPARTMENT OF EDUCATION OF
THE CITY OF NEW YORK, and KAREN WATTS
Individually and in her official capacity as principal
of Wadleigh Secondary School,

        Defendants.

-----------------------------------------------------------------X

**MOTION FOR A PRELIMINARY INJUNCTION**
**AND INCORPORATED MEMORANDUM OF LAW**

PLEASE TAKE NOTICE that under the authority of Rule 65 of the Federal Rules of Civil Procedure, Plaintiff respectfully requests that the Court enter a preliminary injunction, pending final resolution of this action, requiring the Defendant New York City Department of Education of the City of New York and their agents to reinstate the football program known as the Hellfighters. Plaintiff requests oral argument and if necessary an evidentiary hearing on the Motion. As set forth in the incorporated memorandum of law and the Declaration of Duke Ferguson filed in support of this Motion, and in the Complaint, Plaintiff meets all of the requirements for the issuance of a

1

preliminary injunction.

Specifically, Plaintiff asserts that closing of the Hellfighters program will cause irreparable harm to the student athletes and to the program itself in that it would be extremely difficult to restart the program from scratch which would be required and that the applicable legal standards in the Second Circuit, for a preliminary injunctive relief are met. Plaintiff Duke Ferguson therefore respectfully requests that this Court grant a hearing on this motion as expeditiously as possible, and issue the preliminary injunction sought by the Plaintiff reinstating the program pending a final resolution of the merits of the case.

Dated: New York, New York  
July 29, 2008

Respectfully submitted,

s/Stewart Lee Karlin  
STEWART LEE KARLIN (SK3720)  
Attorney for Plaintiff  
9 Murray Street, Suite 4W  
New York, N.Y. 10007  
(212) 732-9450

**INCORPORATED MEMORANDUM OF LAW**

District Courts may ordinarily grant preliminary injunctions when the party seeking the injunction demonstrates (1) that he or she will suffer irreparable harm absent injunctive relief, and (2) either (a) that he or she is likely to succeed on the merits, or (b) "`that there are sufficiently serious questions going to the merits to make them a fair ground for litigation, and that the balance of hardships tips decidedly in favor of the moving party.'" *No Spray Coalition, Inc. v. City of New York*, 252 F.3d 148, 150 (2d Cir.2001) (per curiam) (quoting *Otokoyama Co. v. Wine of Japan Import, Inc.*, 175 F.3d 266, 270 (2d Cir.1999)). Such relief, however, "`is an extraordinary and

drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Mazurek v. Armstrong,* **520 U.S. 968**, 972, 117 S.Ct. 1865, 138 L.Ed.2d 162 (1997) (emphasis and citation omitted). Where there is an adequate remedy at law, such as an award of money damages, injunctions are unavailable except in extraordinary circumstances. See *Morales v. Trans World Airlines, Inc.* **504 U.S. 374**, 381, 112 S.Ct. 2031, 119 L.Ed.2d 157 (1992); see also *Metro. Opera Ass'n, Inc. v. Local 100, Hotel Employees & Rest. Employees Int'l Union*, 239 F.3d 172, 177 (2d Cir.2001). The district court has wide discretion in determining whether to grant a preliminary injunction, and this Court reviews the district court's determination only for abuse of discretion. See *Green Party of N.Y. v. N.Y. State Bd. of Elections,* 389 F.3d 411, 418 (2d Cir.2004); *Columbia Pictures Indus., Inc. v. Am. Broad. Cos.,* 501 F.2d 894, 897 (2d Cir.1974).

In *Bronx Household of Faith v. Board of Educ. of City of New York*, 331 F.3d 342, (2nd Cir. 2003) the Court held that to obtain a preliminary injunction a party must demonstrate: (1) that it will be irreparably harmed if an injunction is not granted, and (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation, and a balance of the hardships tipping decidedly in its favor.  When an injunction sought will alter rather than maintain the status quo, a movant must show a clear or substantial likelihood of success.

The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury, for purposes of granting a preliminary injunction.  To establish a cognizable claim for an injunction founded on the chilling of First Amendment rights, a party must articulate a specific present objective harm or a threat of specific future harm.  Here, the irreparable harm is profound.  The chilling of such speech regarding a racial incident at a public high school

3

football game should not be tolerated. Coach Duke Ferguson has spent several years building the football program. To completely shut the program until the end of the case, presumably sometime next year would mean the program would have to be restarted from scratch and that the program would likely not be able to be restarted due to the loss of recruitment, contacts etc… Further, the program itself is self-sustaining. In other words, the Hellfighters program has enough significant sponsors so that this particular football program does not cost the defendant anything.

Some of the student athletes would suffer the consequences forever. The rising seniors would lose their athletic scholarships with no other opportunity of gaining access to these colleges and universities. Eliminating this program is not just a First Amendment violation but it is at the expense of the student athletes that will be irrevocably harmed. Plaintiff was terminated as a coach after the most successful football season in Harlem history (10-2) and the program has been dismantled. Out of nine seniors, Plaintiff expects to have scholarship at colleges and universities for all the seniors. (In the previous year, thirteen out of fifteen senior received scholarships and went to colleges and universities.) These students going into 12th grade have nowhere to go and will lose their scholarships and ability to lift themselves out of poverty. This program should be reinstated or these student athletes' opportunity to lift themselves out of the cycle of poverty will be lost forever.

In sum, due to the fact that irreparable harm absent injunctive relief will occur, that plaintiff is likely to succeed on the merits, and that the balance of hardships tips decidedly in favor of the moving party, a preliminary injunction should issue requiring that the program be reinstated.

## CONCLUSION

      For the foregoing reasons, the Plaintiff Duke Ferguson motion for a preliminary injunction be granted and any other relief that is just and equitable.

Dated: New York, New York  
      July 29, 2008

Respectfully submitted,

s/Stewart Lee Karlin  
STEWART LEE KARLIN (SK3720)  
Attorney for Plaintiff  
9 Murray Street, Suite 4W  
New York, N.Y. 10007  
(212) 732-9450

To:    Corporation Counsel  
        via ECF